# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MATTHEW J. HOYO,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:18-CV-579
CRIM. NO. 15-CR-256
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 89.) This matter is before the Court on the Motion to Vacate, Respondent's Response in Opposition and Supplemental Memorandum Supporting the Response in Opposition (ECF Nos. 97, 101), and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that all of Petitioner's claims, with the exception of his claim of the denial of the effective assistance of counsel based on his attorney's failure to file an appeal after being requested to do so, be **DISMISSED**. The undersigned further **RECOMMENDS** that proceedings be held in abeyance on Petitioner's sole remaining claim of the denial of the effective assistance of counsel based on his attorney's failure to file an appeal pending a decision from the United States Supreme Court on the issue.

## I. Facts and Procedural History

On November 19, 2015, Petitioner was indicted on two counts of mail fraud, in violation of 18 U.S.C. § 1341, and six counts of money laundering, in violation of 18 U.S.C. § 1957. (ECF No. 8.) Represented by Federal Public Defender Attorney Deborah Williams, on October 3, 2016, Petitioner proceeded to jury trial. (See ECF Nos. 68-70.) Attorney Williams thereafter

filed a motion to withdraw, and on October 14, 2016, Attorney Bradley Barbin filed a Notice of Appearance as new court-appointed counsel. (ECF No. 73; *Transcript*, ECF No. 101-1.)[1] On October 17, 2016, pursuant to the terms of his negotiated Plea Agreement, Petitioner pleaded guilty to one count of mail fraud, and one count of money laundering. (ECF Nos. 74, 76.) On June 15, 2017, the Court sentenced Petitioner pursuant to the agreement of the parties to a term of 54 months imprisonment, to be followed by 3 years supervised release. (ECF Nos. 82, 83.) Petitioner did not file an appeal.

On June 12, 2018, Petitioner filed the subject pro se Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 89.) Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to properly cross examine Katheryn Thalmon, who falsely stated that he induced her to invest by providing her with a financial prospectus (claim one); that he was denied a fair trial due to prosecutorial misconduct, because the prosecutor knowingly submitted the false testimony of Thalmon (claim two); that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so (claim three); and that the District Court improperly refused to grant his request for a mistrial or permit cross-examination of Thalmon's false testimony (claim four). It is the position of the Respondent that Petitioner's claims lack merit or are waived.

## II. Standard of Review

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918

---

[1] On October 7, 2018, Attorney Barbin filed a *Motion for Determination of Mental Competency to Stand Trial* (ECF No. 71, filed under seal), but withdrew that motion at the time of Petitioner's guilty plea. (*See Transcript, Guilty Plea Hearing*, ECF No. 104, PAGEID # 600.)

F.2d 627, 630 (6th Cir. 1990) (per curiam). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.' " *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, " '[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.' " *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, No. 94-5917, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) (citations omitted)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

## II. Waiver of Claims by Entry of Guilty Plea

In claim four, Petitioner asserts that the Court improperly failed to grant his request for a mistrial in view of evidence indicating that Katheryn Thalmon lied, dismissed the jury for six days, refused to permit him to re-call Thalmon as a witness, limited the scope of his cross-

examination, and failed to instruct the jury that it could not independently investigate the case. (ECF No. 89, PAGEID # 365.) In claim one, Petitioner asserts that his attorney performed in a constitutionally ineffective manner by failing to cross-examine or object to Thalmon's testimony that he induced her investment with him by providing her with a financial prospectus. (PAGEID # 361.) In claim two, Petitioner asserts that the prosecutor knowingly submitted false testimony by Thalmon about this prospectus used to obtain her investment. All of the foregoing claims are waived by the entry of Petitioner's guilty plea or under the explicit terms of his negotiated Plea Agreement.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This waiver includes pre-plea claims of the denial of the effective assistance of counsel. As this Court has explained:

> Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 F. App'x. 307, 309 (6th Cir. 2001); *see also Siebert v. Jackson*, 205 F. Supp. 2d 727, 733–34 (E.D. Mich. 2002) (holding that a habeas petitioner's claims of deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at the plea hearing that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement). The petitioner's pre-plea claims of ineffective assistance of trial counsel have been waived by his guilty plea.

*Smith v. Warden, Noble Corr. Inst.*, No. 2:17-cv-735, 2018 WL 4077457, at *4 (S.D. Ohio Aug. 27, 2018) (quoting *Ratleff v. Warden*, No. 2:15-cv-00128, 2016 WL 3077532, at *9 (S.D. Ohio June 1, 2016) (internal quotation omitted)). "The only challenges that a federal habeas corpus petitioner may make after he has entered a guilty plea concern the nature of his counsel's advice to plead and the nature of his plea as voluntary and intelligent." *Woodhouse v. Sandusky Cty.*

4

*Common Pleas Court*, No. 3:05-cv-2934, 2007 WL 5234144, at *6 (N.D. Ohio Jan. 9, 2007) (citing *Joe v. Eagleton,* No. CA 2:03–1507–23, 2004 WL 3317659 at *3 (D.S.C. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 56(1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Signori*, 844 F.2d 635 (9th Cir. 1988)). Thus, by the entry of his guilty plea and admission of guilt, Petitioner has waived his claims of the denial of the effective assistance of counsel during trial.

He thereby likewise has waived his claim of prosecutorial misconduct based on Thalmon's alleged false testimony about a prospectus. "This includes due process claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute." *United States v. Ayantayo*, 20 F. App'x 486, 487-88 (6th Cir. 2001) (citing *Tollett,* 411 U.S. at 266–67; *United States v. Broce*, 488 U.S. 563, 574–75, (1989)); *see also Heximer v. Woods*, No. 2:08-cv-14170, 2012 WL 899358, at *7 (E.D. Mich. Mar. 16, 2012) ("A plea of guilty or nolo contendere waives a defendant's right to claim pre-plea claims of prosecutorial misconduct." (citing *Ayantayo*, 20 F. App'x at 487–88)); *see also Carley v. Hudson*, 563 F. Supp. 2d 760, 774 (N.D. Ohio 2008) (claim of prosecutorial misconduct waived by entry of guilty plea); *Rhodes v. United States*, Nos. 2:15-cv-2756, 2:12-cr-00122, 2017 WL 978118, at *10 (S.D. Ohio Mar. 14, 2017) ("Petitioner's claim that he has been wrongly prosecuted on the basis of false evidence or lies is foreclosed by Petitioner's admission of guilt."). Petitioner raises no such allegation here. Thus, he has waived his claim of prosecutorial misconduct for this Court's review. *See Calvey v. Burt*, No. 17-1926, 2018 WL 2015779, at *4 (6th Cir. Apr. 30, 2018); *United States v. Borden*, No. 17-5438, 2018 WL 1901009, at *3 (6th Cir. Jan. 23, 2018) (citations omitted); *Kotsonis v. United States*, No. 17-5099, 2017 WL 7310633, at *3 (6th Cir. Sept. 12, 2017).

Under the terms of his negotiated Plea Agreement, Petitioner also waived his claim regarding any alleged errors committed by the Court during trial. His signed Plea Agreement indicates in relevant part:

WAIVER OF APPELLATE RIGHTS

[] Defendant MATTHEW J. HOYO waives any motions described in Federal Rule of Criminal Procedure 12(b)(3), regarding pretrial motions, any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the Indictment or the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives:

a. any right to appeal the Court's entry of judgment against him;

b. Any right to collaterally attack the defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and

c. Any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).

(ECF No. 74, PAGEID # 311.) Petitioner acknowledged his agreement to waive his right to appeal at the time he entered his guilty plea. (*Transcript, Guilty Plea Hearing*, ECF No. 104, PAGEID # 594-95.) Moreover, the Sixth Circuit has consistently enforced such plea-agreement waivers of appellate rights. *See Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (citing *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). "To be valid, the waiver simply must have been entered into knowingly and voluntarily." *Id*. (citing *Davila*, 258 F.3d at 451). Petitioner does not allege—and the record does not reflect—that his waiver of appellate rights was anything but knowing and voluntary. This Court is bound by that agreement. *United States v. Mizori*, 604 F. App'x 413, 417 (6th Cir. 2015) (citing *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)); internal quotation marks and citation omitted); *see also United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012) ("Enforcing appeal waivers makes good sense," by providing the defendant a means of gaining concessions from the government, and saving the

6

government time and money involved in arguing appeals) (citations omitted). Therefore, the waiver is enforceable and precludes Petitioner's challenge in these proceedings.

In sum, Petitioner has waived claims one, two, and four for review in these proceedings.

### III. Defense Counsel's Failure to File an Appeal

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so.[2]

The failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peugeot v. United States,* 526 U.S. 23, 28, 119 S. Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

---

[2] Petitioner states that his attorney stated after sentencing that he would file the notice of appeal, and that they also discussed filing a stay pending appeal, but his attorney never followed through. When Petitioner confronted counsel three weeks later, his attorney told him that the time for filing an appeal had expired. (*Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 89, PAGEID # 363-64.)

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

However, Petitioner's former defense counsel, Attorney Bradley Davis Barbin, denies that Petitioner ever requested him to file an appeal. The Respondent has submitted the Affidavit of Bradley Davis Barbin, Esq. (ECF No. 96), which indicates in relevant part as follows:

> At no time during trial preparation, the negotiation of the Plea, the Plea itself, preparation for Sentencing or at Sentencing did the Petitioner lack comprehension, clarity or insight into his bargained for plea which required waiving his appellate rights. . . . In return for the loss of his direct appeal appellate rights the Petitioner gained an 11(C)(1)(c) sentence and the opportunity to self report at Sentencing and at the recommended federal prison camp (Morgantown FCI).
>
> \*\*\*
>
> The Petitioner was specifically advised of his waiver of appellate rights prior to, during and subsequent to both Plea and Sentence.
>
> \*\*\*
>
> The Defendant specifically advised undersigned counsel not [to] file a notice of appeal prior to, during and subsequent to Sentencing. Counsel was never asked at Sentencing or post Sentencing to file a Notice of Appeal.
>
> Counsel did provide Petitioner with all original documents and a copy of the trial transcript post Sentencing. At no time in our post sentencing discussions did Petitioner exhibit any symptoms consistent with a concussion or brain injury. At no time in our post Sentencing Discussions did the Petitioner indicate he had changed his mind about filing a Notice of Appeal.

(*Affidavit of Bradley Davis Barbin, Esq*., ECF No. 96, PAGEID # 386-87.)

Thererefore, the record reflects a factual dispute regarding this issue. The United States Court of Appeals for Sixth Circuit has held that, even where, as here, "a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Robertson v. United States*, No. 1:15-cv-01229-JDB-egb, 2018 WL 4374210, at \*4 (W.D.

Tenn. Sept. 13, 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012)). Other courts, however, disagree:

> There is a federal circuit split regarding the issue, which involves differing interpretations of the United State Supreme Court's decision in *Flores-Ortega*. The *Flores-Ortega* case did not involve an appeal waiver, but rather dealt with whether an attorney provided ineffective assistance of counsel when she failed to appeal because it was unclear if her client wanted to appeal. *See Flores-Ortega*, 528 U.S. at 475, 120 S.Ct. 1029. The Court held "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id*. at 484, 120 S.Ct. 1029.
>
> A majority of federal circuit courts have interpreted *Flores-Ortega* to apply even in situations where the defendant has validly waived his right to appeal. Those circuits hold that attorneys are ineffective when they do not file an appeal after the clients requested it, regardless of whether the defendants had waived their rights. *See Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 775 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005); *United States v. Garrett,* 402 F.3d 1262, 1267 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 794 (11th Cir. 2005). Under the majority approach, an attorney is required to file an appeal at his client's request, even if the attorney thinks the appeal would be frivolous. *Campusano*, 442 F.3d at 771–72. When counsel fails to follow his client's express direction to appeal, prejudice is presumed. *Id*. at 772. "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Sandoval-Lopez*, 409 F.3d at 1197.
>
> Two federal circuit courts and a federal district court in an undecided circuit follow the minority approach and hold that *Flores-Ortega* does not require an attorney be presumed ineffective for failing to appeal upon request when there has been a waiver of the right to appeal. *See Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008), *vacated on other grounds by Nunez v. United States*, 554 U.S. 911, 128 S.Ct. 2990, 171 L.Ed.2d 879 (2008); *United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008); *Maes v. United States*, No. 15-CV-240-SM, 2015 WL 9216583, at *3 (D.N.H. Dec. 16, 2015). The minority approach does not presume deficiency or prejudice when an attorney denies his client's instruction to file an appeal when there has been an appeal waiver, and instead requires the defendant meet the test in *Strickland*, which requires showing deficient performance and prejudice. *Nunez,* 546 F.3d at 456. The minority approach holds that when a defendant waives his appellate rights, he no longer has a right to appeal, and therefore an attorney is not bound to file an appeal at his client's request. *Id*. at 455.

*Garza v. State*, 162 Idaho 791, 795 (Idaho 2017), *cert. granted*, 138 S.Ct. 2649 (June 18, 2018). Because the United States Supreme Court's resolution of *Garza* will resolve the circuit split and provide guidance on how this Court should proceed, the undersigned recommends that the Court hold this claim in abeyance pending the Supreme Court's decision in *Garza.*

## IV. Disposition

For the reasons set forth above, it is **RECOMMENDED** that all of Petitioner's claims, with the exception of his claim that he was denied the effective assistance of counsel based on his attorney's failure to file an appeal after being requested to do so, be **DISMISSED**. It is further **RECOMMENDED** that proceedings on Petitioner's sole remaining claim of the denial of the effective assistance of counsel based on his attorney's failure to file an appeal be held in abeyance pending a decision from the United States Supreme Court in *Garza* on the issue.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*_____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE