# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MATTHEW J. HOYO,

  Petitioner,

  v.

UNITED STATES OF AMERICA,

  Respondent.

CASE NO. 2:18-CV-579
CRIM. NO. 15-CR-256
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 89.) This matter is before the Court on the Motion to Vacate, Respondent's Response in Opposition and Supplemental Memorandum Supporting the Response in Opposition (ECF Nos. 97, 101), and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so.

### I. Facts and Procedural History

Petitioner challenges his conviction pursuant to his negotiated guilty plea on one count of mail fraud and one count of money laundering. On June 15, 2017, the Court sentenced Petitioner pursuant to the agreement of the parties to a term of 54 months imprisonment, to be followed by 3 years supervised release. (ECF Nos. 82, 83.) Petitioner did not file an appeal.

On June 12, 2018, he filed this pro se Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 89.) The sole claim remaining for this Court's review involves Petitioner's claim that he

was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so.

## II. Standard of Review

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (per curiam). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, No. 94-5917, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) (citations omitted)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously or (2) that he is "actually innocent" of the crime. *Ray v. United*

*States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

### III. Ineffective Assistance of Counsel

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so. Specifically, Petitioner states that his attorney stated after sentencing that he would file the notice of appeal, and that they also discussed filing a stay pending appeal, but his attorney never followed through. When Petitioner confronted counsel three weeks later, his attorney told him that the time for filing an appeal had expired. (*Motion to Vacate under 28 U.S.C. § 2255*, ECF No. 89, PAGEID # 363-64.) Notably, Petitioner's *Plea Agreement* included a waiver of his appellate rights and his right to collateral attack under 28 U.S.C. § 2255, except as to any claim of the denial of the effective assistance of counsel or prosecutorial misconduct. (ECF No. 74, PAGEID # 311-12.)

As previously discussed, the failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peugeot v. United States,* 526 U.S. 23, 28, 119 S. Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal

3

without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Petitioner's former defense counsel, Attorney Bradley Davis Barbin, denies that Petitioner ever requested him to file an appeal. The Respondent has submitted the Affidavit of Bradley Davis Barbin, Esq. (ECF No. 96), in response to Petitioner's allegations, indicating in relevant part as follows:

> At no time during trial preparation, the negotiation of the Plea, the Plea itself, preparation for Sentencing or at Sentencing did the Petitioner lack comprehension, clarity or insight into his bargained for plea which required waiving his appellate rights. . . . In return for the loss of his direct appeal appellate rights the Petitioner gained an 11(C)(1)(c) sentence and the opportunity to self report at Sentencing and at the recommended federal prison camp (Morgantown FCI).
>
> \*\*\*
>
> The Petitioner was specifically advised of his waiver of appellate rights prior to, during and subsequent to both Plea and Sentence.
>
> \*\*\*
>
> The Defendant specifically advised undersigned counsel not [to] file a notice of appeal prior to, during and subsequent to Sentencing. Counsel was never asked at Sentencing or post Sentencing to file a Notice of Appeal.
>
> Counsel did provide Petitioner with all original documents and a copy of the trial transcript post Sentencing. At no time in our post sentencing discussions did Petitioner exhibit any symptoms consistent with a concussion or brain injury. At no time in our post Sentencing Discussions did the Petitioner indicate he had changed his mind about filing a Notice of Appeal.

(*Affidavit of Bradley Davis Barbin, Esq*., ECF No. 96, PAGEID # 386-87.)

Thererefore, the record reflects a factual dispute regarding this issue. Moreover, the United States Supreme Court recently held that "the presumption of prejudice

4

recognized in *Flores-Ortega* applies regardless of whether the defendant has signed an appeal waiver." *Garza v. Idaho*, 139 S.Ct. 738, 742 (2019).

## IV. Disposition

Therefore, because Petitioner has raised an allegation, if true, that may warrant relief, and because the determination of this issue requires the resolution of a factual dispute, it is **RECOMMENDED** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that that he was denied the effective assistance of counsel based on his attorney's failure to file an appeal after being requested to do so.

## **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*_____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE