**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MATTHEW J. HOYO,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:18-CV-579
CRIM. NO. 15-CR-256
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 89.) The sole issue remaining for this Court's review involves Petitioner's claim that he was denied the effective assistance of counsel based on his attorney's failure to file an appeal after being requested to do so. On September 12, 2019, the Court conducted an evidentiary hearing on the issue. After so doing, the undersigned concludes that the sole remaining claim lacks merit and therefore **RECOMMENDS** that this action be **DISMISSED**.

### I. Background

On October 17, 2016, Petitioner pleaded guilty pursuant to the terms of his negotiated Plea Agreement to one count of mail fraud and one count of money laundering. (ECF No. 76.) On June 15, 2017, the Court sentenced Petitioner pursuant to the agreement of the parties to 54 months imprisonment, to be followed by 3 years supervised release. (ECF Nos. 82, 83.) Petitioner waived his right to appeal under the terms of his Plea Agreement (ECF No. 74, PAGEID # 311), and did not file an appeal. On June 12, 2018, he filed this *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 89.) On March 28, 2019, the Court dismissed all of Petitioner's claims with the exception of his claim of that he was denied the effective assistance

of counsel based upon his attorney's failure to file an appeal. (ECF No. 109.) On April 19, 2019, the Court appointed counsel to represent Petitioner at an evidentiary hearing on the issue and for resolution of the parties' factual dispute. (ECF No. 110.)

## II. Standard of Review

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (per curiam). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, No. 94-5917, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) (citations omitted)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse his failure

to raise the claims previously or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

> A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

*United States v. Noble*, No. 1:14-cr-135, 2017 WL 626130, at *3 (N.D. Ohio Feb. 15, 2017).

### III. Ineffective Assistance of Counsel

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted). The United States Supreme Court set forth the legal principles governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id*. at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id*.

3

The failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

### IV. Application

As discussed, Petitioner waived his right to appeal or to collaterally attack his conviction, except as to any claim of the denial of the effective assistance of counsel or prosecutorial misconduct, under the explicit terms of his Plea Agreement. (ECF No. 74, PAGEID # 311. 312.) Petitioner verified, at the time of his guilty plea hearing, that he understood and agreed to this waiver of his appellate rights. (*Transcript,* ECF No. 104, PAGEID # 594-95.) Still, the District

4

Court advised Petitioner about his right to appeal at sentencing, and Petitioner indicated that he understood:

> COURT: Having sentenced you according to law, you have 14 days from today's date within which to file a notice of appeal with the Sixth Circuit United States Court of Appeals. If you can't afford counsel for an appeal, counsel will be appointed for you at no expense. A transcript of the proceedings will be made available. Do you understand?
>
> DEFENDANT: Yes, sir.
>
> COURT: Any questions?
>
> DEFENDANT: No.

(*Transcript*, ECF No. 106, PAGEID # 673.)

At the September 12, 2019 hearing, Petitioner testified he asked his attorney to file an appeal on the day of sentencing. He stated that he had many discussions with counsel prior to the sentencing hearing regarding potential appellate issues and had no doubt that his attorney knew that he wanted to file an appeal. Petitioner also represented that he did not hear the judge tell him that he had fourteen days to file an appeal. He said he thought that a new attorney would be appointed to represent him on appeal, adding that if he had known he had only fourteen days to file the appeal, he would have done it himself. According to Petitioner, when he did not hear back from his attorney, he went to see him in person, but at that point, the time for filing an appeal had already expired.

Attorney Bradley Davis Barbin, Petitioner's former defense counsel, testified that Petitioner's version of the events was not truthful. Attorney Barbin testified that he was absolutely certain that Petitioner never asked him to file a notice of appeal. Mr. Barbin explained that he and Petitioner reviewed each paragraph of the Plea Agreement together, including the provision regarding the waiver of his appellate rights, and that Petitioner had

5

decided to plead guilty and waive his right to appeal when the government offered him fifty-four (54) months. Mr. Barbin added that he spoke with Petitioner on numerous occasions after the guilty plea and before sentencing, as well as on numerous occasions after sentencing, assisting Petitioner on other matters. Mr. Barbin represented that he spent hours with Petitioner reviewing the PreSentence Investigation Report and that they had discussed the appeal. He further represented that Petitioner knew that he would not be filing an appeal, that Petitioner never informed him that he had changed his mind and wanted to file an appeal, and that Petitioner knew that he had no potentially meritorious grounds for an appeal. Mr. Barbin further testified that if Petitioner had asked him to file a notice of appeal, he would have done so.

The undersigned does not find Petitioner's testimony that he requested Mr. Barbin to file an appeal to be credible. In contrast, Mr. Barbin's testimony that Petitioner never asked him to file an appeal is credible.

For these reasons, the undersigned concludes that Petitioner has failed to establish the denial of effective assistance of counsel based on his attorney's alleged failure to file an appeal and therefore recommends that this action be dismissed.

## V. Disposition

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE