# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

**MATTHEW J. HOYO,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:18-CV-579**
**CRIM. NO. 15-CR-256**
**JUDGE MICHAEL H. WATSON**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so. After conducting an evidentiary hearing on the issue, the Magistrate Judge found Petitioner's allegation to be unworthy of credit and, in contrast, found the testimony of Petitioner's defense attorney, denying this allegation, to be worthy of credit. On October 1, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's claim be denied and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 be dismissed. ECF No. 115. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 116.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Magistrate Judge in this case held a hearing regarding Petitioner's allegation and found Petitioner's former counsel to be more credible than Petitioner. On objection, Petitioner argues only that, because the right to appeal

is an important right, the Court should give Petitioner the benefit of the doubt in regards to the veracity of his allegation. Notably, Petitioner does not cite that any testimony was excluded or characterized incorrectly by the Magistrate Judge. He does not point to any errors regarding the evidentiary hearing; he simply contends the Court should err on the side of believing him rather than his former counsel. The Court disagrees. The Court has reviewed the transcript of the hearing before the Magistrate Judge as well as the evidence submitted for the hearing and finds there is no basis to question the Magistrate Judge's credibility determination. Moreover, there is no legal duty to believe a habeas Petitioner on a factual matter. Therefore, for the reasons detailed in the Magistrate Judge's Report and Recommendation, ECF No. 115, Petitioner's Objection, ECF No. 116, is **OVERRULED**. The Report and Recommendation, ECF No. 115, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court must consider whether to issue a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). When a claim has been denied on the merits, a COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further."' *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a COA may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Thus, there are two components to determining whether a COA should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim on the merits.

Petitioner also seeks a COA on his claims of prosecutorial misconduct and the Court's alleged improper ruling in regard to the denial of Petitioner's request for a mistrial. This Court dismissed these claims on March 28, 2019. Opinion and Order, ECF No. 109. Further, Petitioner never objected to the Magistrate Judge's recommendation of dismissal of these claims. He thereby has waived his right to appeal these issues. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT